**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ON THE GO, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-CV-2792 |
| | ) | |
| AKOO INTERNATIONAL, INC., et al, | ) | Judge William J. Hibbler |
| | ) | |
| | ) | Magistrate Judge Schenkier |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE.

Defendants, Papa John's International, Inc. and Papa John's USA, Inc., ("Papa John's"), pursuant to Rule 12(b)(2), and 28 U.S.C. §1400(b) and §1406(a), move to dismiss them from this action.  A copy of a proposed Order is submitted herewith.

### BACKGROUND TO THE MOTION.

### The Venue Statute Specific to Patent Suits.

Congress enacted a special statute to determine venue for patent infringement suits.  Any "action for patent infringement" must be venued, pursuant to 28 U.S.C. §1400(b) "where the defendant has committed acts of infringement" or "where the defendant resides."  "28 U.S.C. § 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions." *Fourco Glass Co. v. Transmirra Products Corp*., 353 U.S. 222, 229 (1957).

The "where" in the patent venue statute is keyed to "the judicial district," and not to the larger state in which the proper district lies.  This "judicial district," the Northern District of Illinois, is an improper venue for infringement action against the movant-defendants.

The statutory provision - "in the judicial district" - in §1400(b) was amplified in the general venue statute, 28 U.S.C. §1391(c).  "In a State which has more than one judicial district," such as Illinois, a corporate defendant "shall be deemed to reside" only in that the judicial district with which "its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State."  *Id*. (em. added). Thus, the patent venue inquiries are: "where the …acts of infringement" occur, allegedly, and "where" a defendant "resides, as if the Northern District of Illinois is treated as it "were a separate State" from the Southern or the Central districts, as mapped out in 28 U.S.C. §93.  When the Northern District of Illinois is treated as a "separate state" from the Central and Southern districts, and the two tests in §1400(b) are applied, it should be concluded that venue against the movant-defendants does not lie in this "judicial district".

Improper venue provides ground to dismiss.  28 U.S.C. § 1406(a) says that the "court of a district in which is filed a case laying venue in the wrong … district shall dismiss" the case.

<u>**ARGUMENT**</u>

**I.**

Venue Does Not Lie Here, In The Northern District, Based on
<u>Where the Alleged "Acts" of Infringement Are "Committed."</u>

The venue question to be asked is whether Papa John's, which operates in Louisville, has allegedly "committed acts of infringement" in the Northern District of Illinois.  All of the alleged acts that could constitute infringement occur outside of this "district," and so, venue is improper here under §1400(b).  In general, what §1400(b) refers to as the "acts of infringement," as alleged in ¶28 of the Complaint, relate to the processing of SMS text orders sent to Louisville.

Determining whether these defendants "committed acts of infringement" in the Northern District of Illinois, per §1400(b), requires reference to the acts alleged in ¶28 of the Complaint, <u>and</u> to the acts claimed as the method steps in the plaintiff's `554 patent.  Infringement, as a

matter of patent law, is when one "makes, uses, offers to sell or sells" the plaintiff's "patented invention." 35 U.S.C. §271(a). Taken together, the patent venue statute §1400(b) looks to "where" those allegedly infringing acts, of making or using, are "committed" by a defendant.

Here, the plaintiff's patent claims a "method" of processing orders, and the sequence of steps that comprise that method are set forth in the claims of the `554 patent. Again, the venue question is "where" those "acts" are "committed." The specific acts claimed in the issued patent are stated as verbs (in the form of gerunds), *i.e.*, "receiving a phone call" from a customer, "retrieving" the customer's address, "addressing" and "sending" an "electronic message" to the customer. The full text of claim 1 of plaintiff's patent is set forth below:

Claim 1 of the Heisinger `554 patent recites:

1. A method of addressing an electronic message, comprising the steps of:
    providing a first database containing stored telephone numbers and user addresses for each of the stored telephone numbers;
    providing a second database containing identification codes and product information corresponding to each of the identification codes;
    receiving a telephone call from a user including one of the identification codes; identifying the received telephone number from the telephone call;
    retrieving the user address from the first database by comparing the received telephone number with the stored telephone numbers;
    retrieving the product information corresponding to the received identification code;
    addressing the electronic message according to the retrieved address;
    and sending at least a portion of the retrieved product information via the electronic message, wherein the first and second databases are used to create the electronic message.

Consider <u>where</u> the acts of "receiving," "retrieving," "addressing" and "sending" are committed. It is not pleaded that any of these claimed steps are "committed" by these defendants in this "judicial district." Also, the acts alleged against these defendants in ¶28 of the Complaint do not occur in this "judicial district." Even the steps of "providing" user and product databases, as claimed in the patent, do not take place in this district. If what plaintiff has alleged against

these defendants in ¶28 of the Complaint is taken as true, there can be no plausible assertion that any of those "acts of infringement" are "committed" in the Northern District of Illinois.

Venue for the alleged "acts of infringement" against these defendants does not lie in this "judicial district."[1]  Inquiry under §1400(b), as to "where" the alleged "acts of infringement" pleaded against defendants Papa John's International, Inc., and Papa John's USA, Inc., are "committed," must yield the answer: <u>not</u> "in the judicial district" of this Court.

## II.
### These Defendants Do Not Reside In
### This "Judicial District" Under §1400(b).

Plaintiff's venue allegation in ¶15 of the Complaint is that, "in this judicial district" the defendants in ¶28 are "offering for sale, selling, using infringing products, or providing service to Defendant's customers in this District and they do so through established channels."

First, the plaintiff's `554 patent does not cover any "products," it claims only a <u>method</u> of processing information.  The venue allegation of selling or using "products" is not plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

As indicated, the patent venue statute focuses on "where" these defendants are located, and whether that is "in" this "judicial district."  28 U.S.C. §1400(b).  The "Plaintiff has the burden of establishing proper venue."  *International Travelers Cheque Co. v. BankAmerica Corp.*, 660 F.2d 215, 222, 211 U.S.P.Q. 753 (7th Cir. 1981), quoting, *Grantham v. Challenge-Cook Bros, Inc.*, 420 F.2d 1182, 1184, 164 U.S.P.Q. 259 (7th Cir. 1969).

---

[1]	"In patent infringement cases, venue is proper in the judicial district: (1) where the defendant resides; or (2) where the defendant has committed acts of infringement and has a regular and established place of business."  *Portfolio Technoliges, Inc. v. Church & Dwight Co., Inc.*, 2004 WL 2931286 (N.D.Ill. 2004) and *Somfy, SAS v. Rollease, Inc.*, 2004 WL 4963446 (N.D.Ill. 2004).

The following facts about the defendants, Papa John's International, Inc., and Papa John's USA, Inc., can be confirmed by declaration or otherwise, but now, these facts are offered to counter plaintiff's bald assertion of patent venue in this "judicial district."

These defendants operate their business from their headquarters in Louisville, Kentucky. Only *franchised* restaurant locations are located in the Northern District of Illinois, none of which are owned by or operated by the defendants-franchisors. In the Southern District, these defendants do own four restaurants in Illinois, in St. Clair and Madison counties in the greater St. Louis area. Thus, these defendants do <u>not</u> own and do <u>not</u> operate any restaurants, stores, or retail locations in the Northern District of Illinois. The franchisees stores in Chicagoland are independent operators, which are not owned or controlled by the defendants-franchisors.

The franchisees' stores in Northern Illinois are provisioned by a wholly-owned subsidiary of defendant Papa John's International, Inc. That subsidiary's commissary in Iowa delivers provisions sold to these franchisee-owned stores in Chicagoland. These defendants own <u>no</u> store locations in the Northern District, and its food provisioning subsidiary has no location within the district. These defendants own no businesses in the Northern District, and have "no place of business in the northern district of Illinois, much less the regular and established place of business required by Section 1400(b)." *Eiger Machinery, Inc. v. Premier Mill Corp*., 1985 WL 5843, 228 U.S.P.Q. 51 (N.D.Ill. 1985).

The undersigned searched our company directory, and found no employee in area codes (224), (312), (309), (630), (708), (773), (815) or (847). The Northern District might have other telephone area codes, but the negative result from my search of these areas is a strong indication that our companies have <u>no</u> employees in the Northern District of Illinois.

Another factor considered in assessing patent venue is the quantum of business "in the district" by defendants, in a manner akin to the assessment of specific jurisdiction. Plaintiff alleges that the specific business accused of patent infringement, per ¶28 of the Complaint, is the "text messaging ordering service" offered by defendants. The undersigned compiled the total number of text messaging orders that defendants received from customers in Illinois (not just in the Northern District), during the time from September 2008 when plaintiff's patent issued to the present, and it is a *de minimis* number. If assessed for patent venue purposes, that search would be restricted to the Northern District, and the total reduced by orders initiated by or on behalf of plaintiff's counsel. See, *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884, 88 U.S.P.Q.2d 1252 (Fed. Cir. 2008) ("very small volume of sales … made to customers in Washington falls far short of enough to reflect the substantial and continuous presence in the state"), cited with approval in, *Maclean-Fogg Co. v. Edge Composites, L.L.C.*, 2009 WL 1010426 (N.D.Ill. 2009) (websites did not "demonstrate that Edge has continuous and systematic contacts with Illinois").

At our companies' business headquarters in Kentucky, our computer network and our IT department are located. Assuming as if true the plaintiff's allegations that our companies use or have a "first database containing stored telephone numbers and user addresses" and a "second database containing identification codes and product information," as claimed in the `554 Patent, then such a database or two would be <u>not</u> be sited in the Northern District of Illinois. With patent infringement, the activity central to the clam usually occurs where the defendant conducts its business. *S.C. Johnson & Son, Inc. v. Gillette Co.,* 571 F.Supp. 1185, 1187-88 (N.D.Ill.1983). Venue is improper in this district, because "a substantial part of the events or omissions giving rise" to plaintiff's infringement claims do <u>not</u> occur here. 28 U.S.C. § 1391(b)(2). No method step claimed in the plaintiff's `554 method patent occurs in the Northern District.

When these facts as to defendants operations and locations are considered in the context of the "where" standard in the patent venue statute §1400(b), and further, when the Northern District is treated as if it "were a separate State" from the Southern and Central Districts, per §1391(c), then that provokes the conclusion that venue over these defendants for alleged patent infringement does not lie in the Northern District of Illinois.[2]

### III.

<u>Dismissal Pursuant to §1406 is Appropriate in this Case.</u>

Defendants move to dismiss, which plainly is permitted under §1406. The Complaint names defendants that most all located outside of this district, and on the East or West Coast of the U.S. The undersigned cannot address the "where" requirement in §1400(b) in regard to these other defendants. For that reason, the movant-defendants urge dismissal under §1406.

Some of the defendants may be defunct, or not subject to personal jurisdiction in Illinois, and venue as to some of the named defendants may be proper here, but not as to others. See generally, *Tissue Extraction Devices, LLC v. Suros Surgical Systems, Inc.*, 2008 WL 4717158 (N.D.Ill. 2008) (while venue may lie elsewhere, court would not consider "hypothetical" or "speculative" information about other or "additional defendants"). The movants only can assert that, as to their businesses, the requirements of the patent venue statute are not met here.

Plaintiff pleaded no plausible basis for venue to lie for patent infringement against these movant-defendants, who should not have to expend resources on an improperly venued case.

---

[2] The crucial distinction here is that the patent venue statute §1400(b) requires contacts with a "judicial district," while a broader standard of contacts with an entire State can support personal jurisdiction. These defendants do own stores in the Southern District, which would bear on the general prong of a personal jurisdiction. The required contacts in this case are not with Illinois, but any within its Northern District. For patent venue, it ***only*** is that "judicial district in which" these defendants are "subject to personal jurisdiction at the time the action is commenced," and ***only*** when that district is treated as a "separate state." 28 U.S.C. § 1391(c).

## CONCLUSION

Based on the foregoing points and authorities, the undersigned counsel requests that the Court dismiss this patent infringement case against defendants, Papa John's International, Inc., and Papa John's USA, Inc., pursuant to under §1406.

A form of Order granting the plaintiffs' motion is submitted herewith.[3]

Date:  May 22, 2009

Respectfully submitted,


_-s- Charles L. Thomason__
Charles L. Thomason
Papa John's International, Inc.
2002 Papa John's Boulevard
Louisville, KY  40299
(502) 261-4773
Appearing *Pro Hac Vice* for Plaintiffs

---

[3]     This motion is submitted contemporaneously by counsel who is moving to appear pro hac vice.

## Certificate of Service

The undersigned certifies that service was made via the ECF system of this Court, on May 22, 2009, with service copies sent by electronic mail, to the following counsel of record:

Eugene M. Cummings, Esq.                          Joseph M. Vanek, Esq.
David Lesht, Esq.                                 Vanek, Vickers & Masini, P.C.
One North Wacker Drive, Suite 4130               225 W. Washington, 18th Floor
Chicago, IL  60606                                Chicago, IL  60606
    *Counsel for Plaintiff*                    *Counsel for Plaintiff*

Also, the undersigned certifies that service was made via the ECF system of this Court, and a chambers copy delivered to the Court along with copies of cited precedent not published in the West Reporters.

Further, the undersigned certifies that on May 22, 2009, that a true and complete copy of the foregoing Motion, Points and Authorities, Exhibits, and Proposed Order were served via regular U.S. mail to the registered agents of defendants, addressed to:


AKOO International, Inc.                          BHOOTAN, INC.
Registered Agent: Scott L. Clickson              Registered Agent:
77 W. Wacker Drive                                 The Corporation Trust Company
Suite 4100                                        1209 Orange Street
Chicago, Illinois  60601                          Wilmington, Delaware  19801


DOTMENU, INC.                                     FRUCALL, INC.
Registered Agent: United Corporate Services, Inc. Registered Agent:  Mr. Nasser Manesh
874 Walker Road, Suite C                          10080 N. Wolfe Road
Dover, Delaware  19904                            Suite SW3-303
                                                  Cupertino, California  95014


MOBO SYSTEMS, INC.                                SHOPTEXT, INC.
Registered Agent:                                 Registered Agent:
   Corporation Service Company                       The Corporation Trust Company
2711 Centerville Road, Suite 400                  1209 Orange Street
Wilmington, Delaware  19808                       Wilmington, Delaware  19801

KWIRY, INC.
Registered Agent:
    Incorporating Services, Ltd.
3500 South DuPont Highway
Dover, Delaware  19901

HAVOC TELEVISION, INC.
Registered Agent:  Mr. Ryna Kresser
880 Apolio Street, Suite 239
El Segundo, California  90245

NETINFORMER, LLC
Registered Agent: Mr. Gregory J. Pinter
2551 San Ramon Valley Boulevard
Suite 217
San Ramon, California  94583

MOBILE ACCORD, INC.
Registered Agent:  Mr. James Eberhard
2150 W. 29th Avenue, Suite 200
Denver, Colorado  80211

PIZZA HUT, INC.
Registered Agent:  CT Corporation System
208 S. LaSalle St., Suite 814
Chicago, Illinois  60604

       I certify that the foregoing statements made by me are true.

Date:  May 22, 2008

                                      -s- Charles L. Thomason   
                                  Charles L. Thomason, Counsel